UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ANTHONY MICHAEL WOODS,                :
      Petitioner,                          :
                                      :
  v.                                  :  No. 2:23-cv-1071
                                      :
SCOTT KLINEFELTER, *SUPERINTENDENT*;  :
DISTRICT ATTORNEY OF THE COUNTY       :
OF BUCKS; and ATTORNEY GENERAL OF     :
THE STATE OF PENNSYLVANIA;            :
      Respondents.                         :
_____

**O P I N I O N**
**Report and Recommendation, ECF No. 13 - Adopted**

**Joseph F. Leeson, Jr.**                                                             **June 20, 2023**
**United States District Judge**

**I.    BACKGROUND**

On March 12, 2023, Anthony Michael Woods filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2019 conviction in the Bucks County Court of Common Pleas for third degree murder.[1] Woods alleges actual innocence and prosecutorial misconduct.[2] Magistrate Judge Richard A. Lloret issued a Report and Recommendation

---

[1] On January 22, 2019, Woods entered into a negotiated guilty plea to one count of Murder of the Third Degree, one count of Homicide by Vehicle, one count of Recklessly Endangering Another Person, one count of False Reports, one count of Possession of Drug Paraphernalia, and one count of Failure to Stop and Give Information or Render Aid. He was sentenced the same day to ten (10) to thirty (30) years' imprisonment for Third-Degree Murder, and a concurrent three (3) to six (6) years' imprisonment for Accidents involving Death or Personal Injury, with no further penalty on the remaining counts of the Information. The instant habeas petition challenges only Wood's conviction of Murder of the Third Degree.

[2] The "prosecutorial misconduct" claim alleges that the prosecutor devised a scheme to convince the trial court the case involved third degree murder when it did not and, also, that trial counsel was ineffective for allowing Woods to plead guilty to Murder of the Third Degree when the facts did not support the charge.

("R&R") on May 5, 2023, recommending that the habeas corpus petition be dismissed as untimely. *See* R&R, ECF No. 13. Woods has filed three objections to the R&R, asserting: (1) the habeas petition is not untimely; (2) he is entitled to equitable tolling based on the coronavirus pandemic; and (3) he is actually innocent. *See* Obj., ECF No. 15.

Woods' first and third objections are based on essentially the same evidence and argument presented to the Magistrate Judge, which the R&R thoughtfully discussed and rejected. After de novo review, this Court reaches the same findings and conclusions as contained in the R&R, which is adopted in its entirety, and does not write separately to address these objections. Woods' argument in his second objection, however, was never presented to the Magistrate Judge and is therefore discussed herein. The R&R thoroughly outlines the factual and procedural history so it will not be repeated in total. *See* R&R 1-4. Of relevancy to Woods' second objection, are the following dates:

1. On February 22, 2019, after the time elapsed for Woods to file post-sentence motions or a direct appeal, his judgment became final.

2. On July 19, 2019, 148 days later, Woods filed a pro se petition under the Post-Conviction Relief Act, 42 Pa. C.S. § 9541, *et seq.* ("PCRA").

3. On July 27, 2020, after Woods failed to respond to the PCRA court's notice of intent to dismiss, the PCRA petition was denied. Woods did not appeal that denial.

4. On December 14, 2020, Woods filed a second PCRA petition.

5. On May 21, 2021, after providing notice that it intended to dismiss the petition as untimely, the PCRA court denied the second PCRA petition. An appeal was filed.

6. On October 4, 2021, the Pennsylvania Superior Court dismissed Woods' appeal from the denial of his second PCRA petition when he failed to file a brief with that court. Woods did not seek further review of the Superior Court's Order.

7. On July 18, 2022, Woods filed a third PCRA petition.

8. On November 15, 2022, after Woods failed to respond to the PCRA court's notice of intent to dismiss that petition as untimely filed, the third PCRA petition was dismissed. No appeal was taken from this dismissal.

9. On March 12, 2023, the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed.

## II. LEGAL STANDARDS

### A. Report and Recommendation – Review of Applicable Law

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

### B. Equitable Tolling[3] - Review of Applicable Law

The Supreme Court of the United States has held that the federal habeas statute of limitations is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 648-49 (2010). Equitable tolling is allowed only if the petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence.'" *Id.* at 653. Whether a petitioner has been diligently pursuing his rights is a fact specific determination. *See Munchinski v.*

---

[3] This subsection is largely taken from the R&R. *See* R&R 6-7.

*Wilson*, 694 F.3d 308, 331 (3d Cir. 2012). Equitable tolling is appropriate when, for example: (1) the state has actively misled the petitioner regarding his appellate rights; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum. *See Urcinoli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit Court of Appeals has emphasized that equitable tolling should be applied sparingly. *See LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005); *Schlueter v. Varner*, 384 F.3d 69, 75–76 (3d Cir. 2004).

**III.   ANALYSIS**

As the R&R correctly explains, after subtracting the amount of time that elapsed before Woods filed his first PCRA petition, he had 217 days remaining after its denial to file a habeas petition pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1) (establishing a one-year period of limitation for a person in custody pursuant to the judgment of a State to file an application for writ of habeas corpus in federal court). To be timely, Woods' federal habeas petition was due no later than April 2, 2021, but not filed until March 12, 2023.

Woods failed to cite to any basis for equitable tolling in either his petition or brief in support thereof. Accordingly, the Magistrate Judge properly concluded that Woods did not argue he was was actively misled or faced any extraordinary circumstances, and that there is no indication anything was filed in the wrong forum. *See* R&R 8. For the first time in his objections, Woods asserts he should be given equitable tolling because the coronavirus pandemic resulted in the shutdown of the law library and in inmates being "confined to their cells 24 hours a day, for at least 18 months." *See* Obj. 2. This objection lacks merit for four reasons.

First, "a 'lockdown and limited library access alone do not support a finding that [the one-year limitation period in § 2244] must be equitably tolled. Rather, petitioner must show that

these circumstances actually impeded his ability to file a timely petition." *Perry v. Vaughn*, No. 02-839, 2003 U.S. Dist. LEXIS 24094, at *15 (E.D. Pa. Oct. 17, 2003) (quoting *Ego-Aguirre v. White,* 1999 U.S. Dist. LEXIS 3162, 1999 WL 155694, at *2 (N.D. Cal. Mar. 12, 1999)). Consistent with this law, courts in this Circuit have repeatedly denied equitable tolling based solely on prison lockdowns and library shutdowns during the coronavirus pandemic. *See Russi v. Smith*, No. 20-4580, 2022 U.S. Dist. LEXIS 6154, at *5 (E.D. Pa. Jan. 12, 2022) (denying equitable tolling where the petitioner "fail[ed] to specify when the law library was shut down [during the COVID-19 pandemic] or how its closure impacted his filing").[4] Woods makes no attempt to explain how the shutdown and lockdown "actually impeded" his ability to file a habeas petition. To the extent he suggests that it was not until he had access to the library that he was able to acquire the "some basic knowledge" of the law to file his petition, *see* Obj. 2, a "petitioner's lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling." *Perry*, 2003 U.S. Dist. LEXIS 24094, at *16 (citing *Jones*, 195 F.3d at 1609). Moreover, this Court's standard 2254 petition does not require any legal argument and was all he needed to file to preserve the period of limitations. *See Polanco v. Commonwealth*, No. 4:22-CV-00373, 2022 U.S. Dist. LEXIS 197052, at *5-6 (M.D. Pa. Oct. 28, 2022) (rejecting the petitioner's equitable tolling argument based on the coronavirus pandemic because he had "not explained how limited access to the prison law library prevented him from filling out a form

---

[4] *See also Hall v. Estock*, No. 22-258, 2023 U.S. Dist. LEXIS 82905, at *11-12 (W.D. Pa. May 9, 2023) (concluding that the petitioner failed to demonstrate his limited access to the law library during the coronavirus pandemic "was an extraordinary circumstance, [and] also failed to explain how this limited access prevented him from filling out the standard habeas form that he utilized, which does not require citation to legal authority or legal argument, and mailing it to this Court before his statute of limitations expired"); *Williams v. Davis*, No. 22-5556 (JXN), 2023 U.S. Dist. LEXIS 88774, at *12 (D.N.J. May 22, 2023) ("Petitioner's argument that the Covid-19 pandemic prevented him from accessing the prison law library does not establish an extraordinary circumstance that warrants equitable tolling.")

Section 2254 petition—which does not require citation to legal authority or legal argument—and mailing it to the appropriate federal court to preserve his statute of limitations").

Second, Woods' suggestion that the impact of the coronavirus pandemic "actually impeded" his ability to timely file a habeas corpus petition is belied by the fact that on December 14, 2020, he filed a second PCRA petition. *See Dennis v. Wetzel*, No. 17-1348, 2020 U.S. Dist. LEXIS 57000, at *12 (W.D. Pa. Mar. 31, 2020) (concluding that the petitioner's filing of a pro se PCRA petition in state court belied any claim that he was prevented from filing a timely petition in the district court). After the time to timely file a habeas petition had expired, Woods also filed an appeal in the Pennsylvania Superior Court and a third PCRA petition in the state trial court, all before filing a federal habeas corpus petition in this Court. These actions further negate his argument that the coronavirus pandemic prevented him from seeking habeas relief sooner and/or that this entire time should be equitably tolled.

Third, the coronavirus pandemic began in March 2020 and according to Woods, the prison was locked down and the law library was shut down for eighteen (18) months, which would have ended in September 2021. Even if this Court were to exclude this entire time, after accounting for the 148 days that had already elapsed, the deadline for Woods to file a federal habeas petition would be May 5, 2022. The instant petition was not filed until March 12, 2023, approximately ten (10) months later, and would still be untimely. *See Hill v. Kauffman*, No. 21-389, 2021 U.S. Dist. LEXIS 188603, at *13-14 (E.D. Pa. July 27, 2021) (recommending that the habeas be dismissed as untimely because even if the court excluded the time that the law library was closed during the coronavirus pandemic, the habeas petition was not filed until 117 days after the new deadline), *adopted* 2021 U.S. Dist. LEXIS 186399, at *1 (E.D. Pa. Sep. 29, 2021).

Fourth, even if Woods had established extraordinary circumstances, he has not shown that he was diligently pursuing his rights. As just discussed, Woods filed a second and a third PCRA petition, as well as an appeal from the denial of his second PCRA petition, before filing the instant habeas petition. Moreover, Woods failed to diligently pursue his rights in state court. His first PCRA petition was denied on July 27, 2020, but he took no steps to appeal that decision. He did appeal the denial of his second PCRA petition, but then failed to file a brief with the Pennsylvania Superior Court, resulting in the appeal's dismissal on October 4, 2021. After filing his third PCRA petition on July 18, 2022, Woods failed to respond to the PCRA court's notice of intent to dismiss that petition as untimely filed and it was dismissed. He did not take an appeal from this dismissal on November 15, 2022, instead waiting another four (4) months before filing his federal habeas petition.

Woods' objection is therefore overruled. The R&R is adopted, and the petition is dismissed as untimely.

## IV.   CONCLUSION

After applying de novo review, this Court concludes Magistrate Judge Lloret correctly determined that the instant petition for writ of habeas corpus, which was filed approximately two (2) years after the one-year period of limitations expired, is untimely and that Woods is not entitled to any equitable tolling. Woods's objections to the R&R are without merit and are overruled. This Court adopts the recommendation to dismiss the habeas petition as untimely and concludes that there is no basis for the issuance of a certificate of appealability[5] because jurists of

---

[5]   "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

reason would not find it debatable that the petition is time-barred, and is not subject to equitable tolling.

      A separate Order will be issued.

                              BY THE COURT:

                              */s/ Joseph F. Leeson, Jr.*
                              JOSEPH F. LEESON, JR.
                              United States District Judge